**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MELANNIE RANGEL CARRILLO,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

CASE NO. 5:26-cv-05229-SK

**ORDER GRANTING UNOPPOSED HABEAS PETITION (RELEASE)**

Petitioner is a native and citizen of Mexico detained at the Adelanto ICE facility since February 2026. She petitions for release from ICE custody under 28 U.S.C. § 2241. On September 10, 2026, the Court gave notice of General Order 26-05, which (as pertinent here) "directs Respondents to show cause why the writ of habeas corpus should not be granted." (ECF 3 at 1). Under that General Order, Respondents must appear within three days of the petition's filing and answer the petition within seven days (unless otherwise stipulated or ordered). (*Id.* at 2). Yet as of this order, Respondents have neither timely appeared, much less answered the petition, as required by the General Order. Nor has the Court received any timely application or stipulation for more time to answer the petition.

The Court thus construes the § 2241 petition as intentionally unopposed.[1] Besides, according to Article III's Case-and-Controversy

[1] The Court has been told that the United States Attorney's Office is adopting a practice and policy of making no appearance—and filing no answer, even one that contains a non-opposition statement—if Respondents have no intent to oppose a given immigration habeas petition after it has screened the petition on the merits.

requirement, federal courts ordinarily decide cases based only on the claims, defenses, and arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020). In our adversarial judicial system, the judge does not act as inquisitor, conducting the "legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991). "To put it plainly, courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)). So when, as here, the "government does not offer any argument on the merits" of the claims in the petition, "it has waived any challenge to the arguments [] raised." *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017).

* * *

For these reasons, the unopposed petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Petitioner MELANNIE RANGEL CARRILLO (A# 221-462-351) is ordered released from ICE custody forthwith under an official written document, as required by agency regulations, providing notice of the terms and conditions of release and of the exclusive procedures by which release may be revoked. Judgment in Petitioner's favor will be entered accordingly.

IT IS SO ORDERED.

DATED: September 18, 2026

STEVE KIM
United States Magistrate Judge